# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTIN FELICIANO, | Case No. 1:15-cv-01735-DAD-JLT (PC) |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | (Doc. 1-2) |
| IGBINOSA, et al., | **30 DAY DEADLINE** |
| Defendants. | |

Plaintiff claims he received inadequate medical care to for his Valley Fever. Because the complaint fails to provide any factual allegations specific to the claims and fails to link any of the individuals named as defendants to any factual allegations, this action is **DISMISSED** with leave to amend.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three basis, a strike is imposed per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed

as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

**II.     Summary of Plaintiff's Complaint**

Plaintiff complains of incidents that apparently occurred at Pleasant Valley State Prison. He names Dr. Igbinosa, Darren Bright, Paul Brazelton, Peter Lamb, Ifemoa Ogbehi, and Luomg Nguyen as defendants in this action and seeks monetary damages.

The complaint in this action is nearly identical to that filed in a number of actions by persons who contracted Valley Fever while incarcerated by California Department of Rehabilitation and Corrections. (*See Smith, et al. v. Schwarzenegger, et al.*, 1:14-cv-0060-LJO-SAB (PC).) It appears that Plaintiff's allegations are distinguishable from *Smith* only as to the claims that he raises: Deliberate Indifference to a Serious Medical Need (which he asserts against "Defendants" generally and specifically against Defendant "Lam" (Doc. 1-2, SAC, 18:9-19:5)); Negligence (which he asserts specifically against Defendants "Bright" and "Lam" (*id.*, at 19:6-26)); and Intentional Infliction of Emotional Distress (which he asserts against "Defendant" (*id.*, at 19:27-20:11)).

However, Plaintiff has not stated any facts about any medical treatment he received that he believes was inappropriate, or about proper treatment that was not provided to him. Further, Plaintiff fails to link any of the persons he named as defendants to his allegations. Plaintiff may be able to correct the deficiencies in his pleading so as to state a cognizable claim.

**III.     Pleading Requirements**

**1.     Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and

1  the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

2   Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

   While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

   If he chooses to file a first amended complaint, Plaintiff should make it as concise as possible and it must be no more than twenty pages long. He should merely state which of his constitutional rights he feels were violated by each defendant and what he contends each defendant did wrong.

**2. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:
> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . .

>shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

As previously mentioned, the complaint not only fails to state any factual allegations regarding the deficiencies in medical treatment for his Valley Fever, but also fails to link any of the individuals he named as defendants to any allegations whatsoever. Plaintiff must clearly state which defendant(s) he feels are responsible for each violation of his constitutional rights and their factual basis as his complaint must put each defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

### 3. Exhibits

Plaintiff's Complaint is comprised of twenty pages of allegations followed by twenty-six pages of exhibits. The Court is not a repository for the parties' evidence. Originals, or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) need not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). If Plaintiff attaches exhibits to his amended complaint, each exhibit must be specifically referenced. Fed. R. Civ. Pro. 10(c). For example, Plaintiff must state "see Exhibit A" or something similar in order to direct the Court to the specific exhibit Plaintiff is referencing. Further, if the exhibit consists of more than one page, Plaintiff must reference the specific page of the exhibit (i.e. "See Exhibit A, page 3").

At this point, the submission of evidence is premature as Plaintiff is only required to state a *prima facie* claim for relief. Plaintiff is reminded that, for screening purposes, the Court must assume his factual allegations are true, except where contradicted by attachments to the complaint. It is unnecessary for a plaintiff to submit exhibits in support of the allegations in a complaint. Thus, if Plaintiff chooses to file a first amended complaint, he should simply state the facts upon which he alleges a defendant has violated his constitutional rights and should not submit exhibits.

### IV. Claims for Relief

#### A. Eighth Amendment -- Medical Care

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotation marks omitted)).

The existence of a condition or injury that a reasonable doctor would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, and the existence of chronic or substantial pain are indications of a serious medical need. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)) (quotation marks omitted); *Doty v. County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994). For screening purposes, Plaintiff's lower back pain is accepted as a serious medical need.

Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer*, 511 U.S. at 835 (quoting *Whitley*, 475 U.S. at 319). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official

must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

### B. Claims Under California Law

#### 1. California Tort Claims Act

The California Tort Claims Act (Cal. Gov. Code §§ 810 et seq.) prohibits a plaintiff from filing suit, raising state law claims, against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board. Also, the Board must have acted on the claim or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 (1974) (citations omitted). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id*. at 1239 (fn.omitted).

Federal courts likewise must require compliance with the CTCA for pendant state law claims that seek damages against state public employees or entities. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir.1995). State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with the claim presentation requirement. *Karim–Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627

(9th Cir.1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008).

Plaintiff fails to allege compliance with the CTCA in his complaint. Thus, he may not proceed on these claims until he complies.

### C. Negligence

"An action in negligence requires a showing that the defendant owed the plaintiff a legal duty, that the defendant breached the duty, and that the breach was a proximate or legal cause of injuries suffered by the plaintiff. [Citations.]" *Regents of the Univ. of California v. Superior Court of Los Angeles Cty.*, 240 Cal. App. 4th 1296, 1310, 193 Cal. Rptr. 3d 447, 458 (2015), *reh'g denied* (Oct. 26, 2015) quoting *Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 673, 25 Cal.Rptr.2d 137, 863 P.2d 207 (*Ann M.*) [disapproved on another ground in *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 527, fn. 5, 113 Cal.Rptr.3d 327, 235 P.3d 988].) "In order to establish liability on a negligence theory, a plaintiff must prove duty, breach, causation and damages. The threshold element of a cause of action for negligence is the existence of a duty to use due care toward an interest of another that enjoys legal protection against unintentional invasion. Whether this essential prerequisite to a negligence cause of action has been satisfied in a particular case is a question of law to be resolved by the court. To say that someone owes another a duty of care is a shorthand statement of a conclusion, rather than an aid to analysis in itself. [D]uty is not sacrosanct in itself, but only an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection. [L]egal duties are not discoverable facts of nature, but merely conclusory expressions that, in cases of a particular type, liability should be imposed for damage done." *Los Angeles Memorial Coliseum Commission v. Insomaniac, Inc.* 233 Cal.App.4th 803, 908 (2015) (citations and quotations omitted).

Plaintiff has failed to state any allegations to meet the elements of a negligence claim under California Law.

### D. Intentional Infliction of Emotional Distress ("IIED")

Under California law, the elements of intentional infliction of emotional distress are: (1)

extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Corales v. Bennett*, 567 F.3d 554, 571 (9th Cir. 2009) (quotation marks omitted); *Tekkle v. United States*, 567 F.3d 554, 855 (9th Cir. 2007); *Simo v. Union of Needletrades, Industrial & Textile Employees*, 322 F.3d 602, 621-22 (9th Cir. 2003). Conduct is outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. *Corales*, 567 F.3d at 571; *Tekkle*, 511 F.3d at 855; *Simo*, 322 F.3d at 622 In addition to the requirement that the conduct be intentional and outrageous, the conduct must have been directed at Plaintiff or occur in the presence of Plaintiff, and the Defendant must have been aware of his presence. *Simo*, 322 F.3d at 622. Plaintiff fails to state any facts demonstrating the elements of the claim.

### E. Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

If Plaintiff has complied with the CTCA, jurisdiction over his claims under California law will only be exercised as long as he has federal claims pending.

///

### F. Supervisory Liability

Generally, supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior.* Therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 677. "In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Id.* Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only liable for his or her own misconduct. *Id.*

"'[B]are assertions . . . amount[ing] to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim,' for the purposes of ruling on a motion to dismiss [and thus also for screening purposes], are not entitled to an assumption of truth." *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 556 U.S. at 1951 (quoting *Twombly*, 550 U.S. at 555)). "Such allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.* Thus, any allegations that supervisory personnel such as a Warden or the CDCR Chief Medical Officer violated Plaintiff's rights and are somehow liable because of the acts of those under his or her supervision does not amount to a cognizable claim.

## V.     **<u>CONCLUSION</u>**

For the reasons set forth above, the complaint is dismissed with leave to file a first amended complaint within thirty days.  If Plaintiff decides not to pursue this action, he must file a voluntary dismissal within that same time.  Plaintiff must demonstrate in any first amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980).  The first amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with **<u>one, final</u>** opportunity to amend to cure the deficiencies identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Thus, the Court **ORDERS**:

      1.  Plaintiff's Complaint is **DISMISSED**, with leave to amend;

      2.  The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. **Within 30 days** from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and

4. **If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **March 3, 2016**               /s/ Jennifer L. Thurston
                                  UNITED STATES MAGISTRATE JUDGE