# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTIN FELICIANO,<br><br>  Plaintiff,<br><br>  v.<br><br>IGBINOSA, et al.,<br><br>  Defendants. | **Case No. 1:15-cv-01735-DAD-JLT (PC)**<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE; DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND; DENYING MOTIONS FOR EXTENSION OF TIME; and DENYING APPOINTMENT OF COUNSEL**<br><br>**(Docs. 14-20)**<br><br>**30 DAY DEADLINE** |

Valentin Feliciano complains he received inadequate medical care. The Court screened the complaint and dismissed it with 30 days leave to amend. (Doc. 11.) The Court granted Plaintiff's request for an additional 30 days to file the amended complaint. (Docs. 12, 13.) He did not do so. On June 3, 2016, the Court ordered Plaintiff to show cause why this action should not be dismissed for his failure to comply with the Court's order and to prosecute this action. (Doc. 14.)

On June 20, 2016, Plaintiff filed multiple documents: motions for extensions of time (Docs. 16, 19, 20), first amended complaints (Docs. 15, 17), an explanation that Plaintiff's delay in responding to this Court's orders occurred because an inmate who was assisting Plaintiff mistakenly sent the amended complaint to the United States District Court in the Northern District of California (Doc. 18); and motions to appoint counsel (Docs. 16, 19, 20).

1

Plaintiff's explanation that his first amended complaint was mistakenly sent to the wrong court (Doc. 18),[1] coupled with filing of first amended complaints (Docs. 15, 17) suffice to discharge the order to show cause. However, the content and factual allegations of the first amended complaints are entirely in Spanish. All documents submitted for filing must be written in English. Documents submitted in a language other than English cannot be translated. Thus, the first amended complaints (Docs. 15, 17) are dismissed with leave to amend.

Plaintiff's requests for extensions of time (Docs. 16, 19, 20) generally ask for an extension of time to reply to any instructions from the Court. The reason for the requested extensions of time simply is unknown. The most recent deadline in this action was for Plaintiff to respond to the order to show cause, which was satisfied when he filed the first amended complaints and explanation for his delay. There are no pending deadlines to be extended at this time.

Plaintiff's motions seeking appointment of counsel are denied without prejudice. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even

---

[1] Though this document was entered as a motion for reconsideration, it is titled as "Request for Consideration of Having Sent the Amended Civil Rights Complaint and Declaration to the Norther District Court by Mistake." (Doc. 18.) Thus, it need not be addressed as a motion for reconsideration of any order by this Court, but rather is accepted as an explanation for Plaintiff's delay in complying with the order dismissing the complaint with leave to amend (Doc. 11) and the order to show cause (Doc. 14).

1   if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations
2   which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with
3   similar cases almost daily.  Further, at this early stage in the proceedings, the Court cannot make
4   a determination whether Plaintiff is likely to succeed on the merits and, based on a review of the
5   record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.
6   *Id.*

Thus, the Court **ORDERS**:

1. The First Amended Complaints, (Docs. 15, 17) are **DISMISSED** with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form and a copy of the order screening his original complaint that issued on March 3, 2016 (Doc. 11);
3. **Within 30 days** from the date of service of this order, Plaintiff must file **ONE** second amended complaint, written in English, curing the deficiencies identified by the Court in the March 3, 2016 screening order, *or* file a notice of voluntary dismissal;
4. The order to show cause, that issued on June 3, 2016 (Doc. 14), is **DISCHARGED**;
5. Plaintiff's motions for extension of time, filed on June 20, 2016 and June 21, 2016 (Docs. 16, 19, 20), are **DENIED**;
6. Plaintiff's motions for appointment of counsel, filed on June 20, 2016 and June 21, 2016 (Docs. 16, 19, 20), are **DENIED** without prejudice; and

**If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **June 23, 2016**                         /s/ Jennifer L. Thurston
                                                          UNITED STATES MAGISTRATE JUDGE

3