# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTIN FELICIANO,<br><br>  Plaintiff,<br><br>  v.<br><br>IGBINOSA, et al.,<br><br>  Defendants. | Case No. **1:15-cv-01735-DAD-JLT (PC)**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS SECOND AMENDED COMPLAINT WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>**(Doc. 25)**<br><br>**30-DAY DEADLINE** |

**I.   Findings**

   **A.   Procedural History**

Plaintiff's initial Complaint in this action complained of events that occurred from roughly 2011 through 2014, while he was housed at Pleasant Valley State Prison, when he contracted Valley Fever for which he received inadequate medical care.  (Doc. 1-2.)  Plaintiff was provided the pleading requirements and legal standards for his delineated claims and has twice been given opportunity to amend his allegations.  (Docs. 11, 21.)  Despite this, Plaintiff fails to state factual allegations specific to his delineated claims and does not link any of the individuals named as defendants to *any* factual allegations in the Second Amended Complaint.  (Doc. 25.) Further, Plaintiff exceeded the scope of leave to amend which was previously granted (Doc. 11, p. 10) by adding allegations dating as far back as January 8, 2004, which are barred by the statute of

1 limitations (Doc. 25, p. 4).  Accordingly, the action should be **DISMISSED** with prejudice.

   **B.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  If an action is dismissed on one of these three bases, a strike is imposed per 28 U.S.C. § 1915(g).  An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States."  *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

   **C.    Summary of the Second Amended Complaint**

Plaintiff complains of incidents that apparently occurred at PVSP, though he is currently housed at the Correctional Training Facility in Soledad, California.  Plaintiff names Drs. Igbinosa, Darren Bright, Paul Brazelton, Peter Lamb, Ifemoa Ogbehi, and Luomg Nguyen as the defendants in this action and seeks monetary damages.

In his first claim, for deliberate indifference to a known serious risk under the Eighth

Amendment, Plaintiff alleges that at PVSP, though he was regularly exposed to wind blowing up dust, he did not always receive a mask to wear, which caused him to contract Valley Fever. On January 8, 2004, Plaintiff was transferred to CTF. (Doc. 25, pp. 3-4.) In his second claim, for deliberate indifference to his serious medical condition, Plaintiff alleges that at CTF, he was not properly diagnosed with Valley Fever and when it was diagnosed, he did not receive proper medical attention. (*Id.*, pp. 4-5.)

It is recommended that this action be dismissed with prejudice. Plaintiff has exceeded leave to amend granted by adding a claim that is clearly barred by the statute of limitations. Further, despite repeated opportunity and direction, Plaintiff fails to link *any* of the persons named as defendants to his allegations.

### C. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally

and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

Plaintiff's allegations fail to do more than state generalized complaints he has of not receiving the appropriate treatment for his condition in a timely manner.

**2. Linkage Requirement**

To state a claim under 42 USC § 1983, there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

As previously mentioned, Plaintiff not only fails to state any factual allegations regarding the deficiencies in medical treatment, but also fails to link any of the individuals he named as defendants to any allegations whatsoever. He does not mention a single named defendant in any of his factual allegations. Thus, he fails to demonstrate an actual connection or link between the

actions (or inaction) of anyone he named as a defendant and the deprivation he allegedly suffered. Further, as discussed below, even if Plaintiff had properly linked a defendant to his factual allegations, they are not cognizable.

**II.     Analysis**

   **A.     Claim #1**

In his first claim, for deliberate indifference to a known serious risk under the Eighth Amendment, Plaintiff alleges that at PVSP until January 8, 2004, though he was regularly exposed to wind blowing up dust, he did not always receive a mask to wear, which caused him to contract Valley Fever. (Doc. 25, pp. 3-4.) This claim is barred by the statute of limitations.

The applicable statute of limitations starts to run upon accrual of the plaintiff's claim, i.e. when he knows or has reason to know of the injury that is the basis of his action, *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009), which is normally on the date of injury, *Ward v. Westinghouse Canada, Inc.*, 32 F.3d 1405, 1407 (9th Cir.1994). Actions under section 1983 fall under the limitations period from the forum state's statute of limitations for personal injury torts, *see Wallace v. Kato*, 549 U.S. 384, 387 (2007), which is two years in California, *see Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1.

The two-year statute of limitations period is tolled for two years if the plaintiff is a prisoner serving a term of less than life which gives such prisoners effectively four years to file a federal suit. *See* Cal. Civ. Proc. Code § 352.1(a); *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (federal courts borrow the state's California's equitable tolling rules if they are not inconsistent with federal law). Though the term of Plaintiff's sentence is not known, the limitations period for his claims would not differ if he were serving a term of life with the possibility of parole, as that is considered a term of less than life. *Martinez v. Gomez*, 137 F.3d 1124, 1126 (9th Cir. 1998). Further, in California "[l]imitations are tolled during period of imprisonment of persons sentenced to life imprisonment." Cal. Civ. Proc. Code § 352.1, note (West Ann. 2017) (2. Construction and application) (citing *Grasso v. McDonough Power Equip.*, 264 Cal.App.2d 597, 601, 70 Cal.Rptr. 458 (1968) (reversed dismissal on demurrer based on

statute of limitations of action brought by inmate sentenced to a life term roughly nine years after precipitating incident,)); *see also Brooks v. Mercy Hosp.*, 1 Cal.App.5th 1, 6-7 (2016) (finding ". . . *Grasso* remains good law.")

Without knowing Plaintiff's sentence, he had a minimum of four years from the date of the incidents at issue to file suit. The events Plaintiff alleges in Claim #1 occurred while he was at PVSP, before he was transferred to CTF on January 8, 2004. (Doc. 25, pp. 3-4.) Thus, the latest that Plaintiff could have filed an action on this claim was January 8, 2008. Plaintiff did not file this action until September 1, 2015, (Doc. 1-2, p. 2), which was over seven years too late. Claim #1 is barred by the statute of limitations.

**B.  Claim #2**

In his second claim, for deliberate indifference to his serious medical condition, Plaintiff alleges that while housed at CTF, he was not properly diagnosed with Valley Fever and when it was diagnosed, he did not receive proper medical attention. (Doc. 25, pp. 4-5.)

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotation marks omitted)).

The existence of a condition or injury that a reasonable doctor would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, and the existence of chronic or substantial pain are indications of a serious medical need. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)) (quotation marks omitted); *Doty v. County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994). For screening purposes, Plaintiff's allegation that he has Valley Fever is accepted as a serious medical need.

Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer*, 511 U.S. at 835 (quoting *Whitley*, 475 U.S. at 319). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer,* 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff alleges that he saw "the doctor" and described "feeling really bad" a number of times. Plaintiff alleges that one time he was seen by the doctor, Plaintiff asked him why he would not do a blood test. Plaintiff does not allege what the doctor's response was, but in the next sentence Plaintiff alleges: "Later I went back to see the doctor to tell me that the blood analysis showed nothing was wrong that I was fine." (Doc. 25, p. 5.) Plaintiff provides no explanation of what he had, or how he should have been treated in light of negative blood analysis. Plaintiff alleges that he continued to suffer with symptoms and "feel bad" and that the doctor continued to prescribe pain pills for him -- which does not show deliberate indifference or a lack of treatment for Plaintiff's condition. Plaintiff alleges that he continued to submit requests for medical services and that one time he had to go to the emergency room for a fever, severe body aches and pain, that it even hurt to walk, and that his head and eyes ache from "the heat or fever" . . . "from the inside," but that his body temperature was normal. But Plaintiff fails to provide any explanation as to what medical need he had that was not attended to by a defendant in this action. Plaintiff does not name or even mention any of the defendants he has named in this action in his factual allegations to link them to deprivation of his rights as required under § 1983. Plaintiff merely refers to "the doctor" or "the Psychologist" throughout the Second Amended Complaint, which is insufficient to show that any of the defendants were aware he had Valley Fever and acted with deliberate indifference to the risks that it posed to Plaintiff. In fact, though Plaintiff

7

alludes that he has contracted Valley Fever, he does not state that any diagnosis has been made, or that medical findings indicative of Valley Fever were known for the defendants to have responded with deliberate indifference.

### III. CONCLUSION

Plaintiff's Second Amended Complaint fails to state a cognizable claim against any of the named Defendants. Given Plaintiff's attempt to include a claim that is clearly time-barred and his persistence in not naming a single defendant in his factual allegations, it appears futile to allow further amendment and leave need not be extended. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, the Court RECOMMENDS that this action be dismissed with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 30-days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 28, 2017**                    **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE